**Miscellaneous Docket No. _____**

# United States Court of Appeals
## *for the*
## *Federal Circuit*

IN RE: ZEPP HEALTH CORPORATION,

*Petitioner*

*On Petition for a Writ of Mandamus to the*
*U.S. District Court for the Eastern District of Texas in*
*Case No. 2:23-cv-00172-RWS-RJP*
*Magistrate Judge Roy S. Payne*

**PETITION FOR WRIT OF MANDAMUS**

Donald R. McPhail
Eric W. Schweibenz
Paige S. Stradley
Merchant & Gould P.C.
1900 Duke Street
Alexandria, Virginia 22314
Tel: (703) 684-2500
Fax: (612) 332-9081

*Attorneys for Petitioner*
*Zepp Health Corporation*

Dated: October 3, 2024

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

### <u>CERTIFICATE OF INTEREST</u>

**Case Number** 24-

**Short Case Caption** In re Zepp Health Corporation

**Filing Party/Entity** Zepp Health Corporation

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/02/2024

Signature: /s/ Donald R. McPhail

Name: Donald R. McPhail

**FORM 9. Certificate of Interest**

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Zepp Health Corporation | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐     Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| Merchant & Gould PC | Oblon, McClelland, Maier & Neustadt LLP | Donald R. McPhail |
| Eric W. Schweibenz | Paige G. Stradley | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐    Yes (file separate notice; see below)    ☑  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# **TABLE OF CONTENTS**

STATEMENT OF RELATED CASES…………………………………………..1

INTRODUCTION……………………………………………………………….2

RELIEF  SOUGHT……………………………………………………………3

ISSUE  PRESENTED…………………………………………………………3

FACTUAL BACKGROUND AND PROCEDURAL HISTORY…………………3

REASONS FOR ISSUING THE WRIT……………………………………………7

    I.  Zepp Has a Clear and Indisputable Right to the Writ………………………..8

       A.  The private-interest factors strongly favor transfer………………………8

       B.  The public-interest factors favor transfer or are neutral……..…………..13

    II.  Zepp Has No Other Adequate Means to Obtain Relief……………………..15

    III. Mandamus Is Appropriate Under the Circumstances………………………15

CONCLUSION………………………………………………………………...16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Cheney v. U.S. Dist. Ct.*,
    542 U.S. 367 (2004)...............................................................................7

*In re Acer Am. Corp.*,
    626 F.3d 1252 (Fed. Cir. 2010).....................................................13

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020)........................................... 8, 9, 14

*In re Apple Inc.*,
    No. 2021-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021)..............9, 11, 12

*In re Apple, Inc.*,
    581 F. App'x 886 (Fed. Cir. 2014).....................................................11

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009).......................................9, 10, 11, 12

*In re Google LLC*,
    58 F.4th 1379 (Fed. Cir. 2023)......................................... 12, 14, 15

*In re Google LLC*,
    No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ......................10

*In re Google LLC*,
    No. 2021-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021) ...........................9

*In re Google LLC*,
    No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021).................. 12-13

*In re Honeywell Int'l Inc.*,
    No. 2023-152, 2024 WL 302397 (Fed. Cir. Jan. 26, 2024)..........................15

*In re Juniper Networks, Inc.*,
    14 F.4th 1313 (Fed. Cir. 2021)......................................... 8, 13, 15

*In re Samsung Elecs. Co.*,
    2 F.4th 1371 (Fed. Cir. 2021)............................................. 14, 15

*In re TikTok, Inc.*,
    85 F.4th 352 (5th Cir. 2023).............................................11, 13, 15

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008)............................................................ 7, 8, 13, 15

*LoganTree LP v. Apple Inc.*,
    No. 6:21-cv-00397-ADA, 2022 WL 1491097................................................10

## Statutes & Other Authorities:

28 U.S.C. § 1404(a) ............................................................................... 2, 5, 8

## STATEMENT OF RELATED CASES

1.      No other appeal or writ proceeding in or from the same civil action or proceeding in the lower court was previously before this or any other appellate court.

2.      Other than the underlying lower court action, Petitioner's counsel knows of no case pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending writ proceeding.

## INTRODUCTION

This case presents yet another example of a non-practicing entity without any meaningful connection to Texas filing a lawsuit in the Marshall Division of the Eastern District of Texas accusing a foreign company of patent infringement – here Zepp Health Corporation ("Zepp") – based on technologies that were designed and developed in the People's Republic of China and are imported, sold, and distributed in the United States through a non-party subsidiary – Zepp North America, Inc. ("ZNA") – in the Central District of California. Zepp accordingly sought transfer under 28 U.S.C. § 1404(a) to the Central District of California.

Plaintiff Slyde Analytics LLC ("Slyde") ignored Zepp's demonstration of the overwhelming number of witnesses and documents in California and instead founded its allegations on two independent directors of Zepp, one of whom resides in Plano, Texas, in a failed effort to identify something relevant in the Eastern District of Texas. The district court nevertheless denied transfer.

In its motion to transfer and supporting declarations, Zepp demonstrated to the district court that the § 1404(a) factors here strongly favor the Central District of California and so mandate transfer to that forum. Any contrary ruling could therefore only have been reached through a clear abuse of discretion in violation of the decisions of this Court and the Fifth Circuit. For that reason, this Court should issue a writ of mandamus directing the district court to grant Zepp's transfer request.

## RELIEF SOUGHT

Zepp respectfully requests that the Court grant this petition, vacate the district court's decision to deny Zepp's transfer motion, and remand the case with instructions to transfer this action to the United States District Court for the Central District of California.

## ISSUE PRESENTED

Whether Zepp is entitled to a writ of mandamus directing the district court to transfer the underlying litigation to the United States District Court for the Central District of California.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Slyde sued Zepp for patent infringement in the United States District Court for the Eastern District of Texas, despite Slyde having no meaningful connection to that district. Slyde is a non-practicing entity that was founded in October 2022 solely for the purpose of filing patent infringement suits in the Eastern District of Texas against companies that make and sell real products, like smartwatches.

In October 2023, barely a year after being founded, Slyde filed this patent lawsuit against Zepp in the Marshall Division of the Eastern District of Texas. *See* Appx009-034. Slyde filed an amended complaint in January 2024, again naming only Zepp as the defendant. *See* Appx166-195.

Slyde accuses various technologies in ZNA's smartwatch products of infringing seven patents. *See* Appx010-033, Appx167-193. All of the named inventors on the seven asserted patents reside in Switzerland. *See* Appx035, Appx046, Appx063, Appx076, Appx092, Appx105, Appx122. None of them are employees of Slyde. *See id.* All of the prior assignees identified on the patents-in-suit are Swiss entities. *See id.* None of them appear to have any employees or facilities in the Eastern District of Texas.

Zepp is also a non-practicing entity in that Zepp does not, itself, engage in any commercial activities, including manufacturing, exporting, selling or offering for sale, and/or marketing the products accused of infringement by Slyde in the district court action. *See* Appx153-154. Rather, Zepp is holding company incorporated in the Cayman Islands and having a registered address in the Cayman Islands. *See id.*

Non-party ZNA is a Delaware corporation with a principal place of business in Irvine, California that imports, sells and offers for sale, and markets the smartwatch products accused of infringement by Slyde. *See* Appx154-155. All of ZNA's employees and records are located in the Central District of California and none of them are located in Texas, much less the Eastern District of Texas. *See id.*

Non-party Zepp, Inc. ("ZI") is a Delaware corporation with a principal place of business in Milpitas, California that is involved in the design of the smartwatch products accused of infringement by Slyde. *See* Appx154-155. All of ZI's

employees except one (who has no involvement with the accused smartwatch products) and all of ZI's records are located in California. *See id.*

Slyde accuses certain versions of ZNA's smartwatch products of infringing its patents. *See* Appx010-033, Appx167-193. All of the individuals responsible for the design and development of those products reside in the People's Republic of China and/or in the Bay area of California and all of the individuals responsible for the importation, sale and offer for sale, and marketing of those products reside in the People's Republic of China and/or in Central District of California. *See* Appx154-155. None of them reside in Texas. *See id*. Moreover, former employees of ZI with potentially relevant knowledge also reside in the Bay area of California. *See* Appx681-682.

Because of the strong connections between this case and the Central District of California, and the lack of any real connection to the Eastern District of Texas, Zepp filed a motion to transfer under 28 U.S.C. § 1404(a). *See* Appx135-165. Zepp's transfer motion demonstrated that likely witnesses and relevant documents are located either in the Central District of California, where the entity responsible for the importation, sale and offer for sale, and marketing of the accused products is physically located, or in the Bay area of California. *See id*. Zepp submitted a sworn declaration from Zepp's Chief Operating Officer and sworn declarations from each of the independent directors of Zepp that Slyde attempts to rely on. Appx153-155,

Appx687-688, Appx690-691. These declarations established that the research, design, and development of the accused technology took place in the People's Republic of China or the Bay area of California, and all potentially infringing activity has occurred in the Central District of California, where ZNA is located. *See id.*

None of the likely Zepp witnesses is in the Eastern District of Texas. *See* Appx140-141, Appx144-145, Appx153-155, Appx681-682. Moreover, as persons with potentially relevant knowledge, these individuals are also likely custodians of potentially relevant documents. None of Zepp's likely trial witnesses stores documents in Texas. *See* Appx145-146, Appx154-155, Appx700.

Zepp also demonstrated that relevant non-party documents and witnesses, particularly those in the custody of employees of ZNA, are exclusively in California and subject to the subpoena power of the Central District of California. *See id.* In addition, Zepp identified former employees of ZI with potentially relevant information who are also located in the Bay area of California, which is much closer to the Central District of California than to the Eastern District of Texas. *See* Appx681-682.

Slyde opposed transfer. *See* Appx200-677. But Slyde was unable to identify any relevant witnesses in the Eastern District of Texas or otherwise establish a connection between this case and its chosen forum. *See* Appx208-209, Appx213-215.

Instead, Slyde relied solely on two independent directors of Zepp who reside in the Dallas area. *See* Appx208-209. Zepp submitted sworn declarations that those individuals have no knowledge regarding any of the operations of ZNA, much less any knowledge regarding the alleged acts of infringement or the accused products. Appx687-688, Appx 690-691.

The district court nevertheless denied Zepp's motion. Appx001-008. Zepp therefore seeks a writ of mandamus to prevent this case from continuing to move forward in an inconvenient venue.

## REASONS FOR ISSUING THE WRIT

A petitioner seeking mandamus relief must (1) show a "clear and indisputable" right to the writ; (2) have "no other adequate means to attain the relief [it] desires"; and (3) demonstrate that "the writ is appropriate under the circumstances." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (*Volkswagen II*) (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004)). All three conditions are satisfied here.

The district court has clearly abused its discretion in denying Zepp's transfer motion, and this Court has properly used its mandamus authority to correct such errors before a case proceeds on the merits. The district court's approach here is particularly problematic given the clear inconvenience of Slyde's chosen forum and Slyde's inability to provide any lawful reason to keep the case there. *Infra* § I. Zepp

has tried every other means of securing a proper transfer ruling, leaving mandamus as the only available remedy. *Infra* § II. And mandamus is especially appropriate in these circumstances, given the district court's defiance of precedent regarding the substance of the § 1404(a) analysis. *Infra* § III. On mandamus review of a § 1404(a) transfer ruling, this Court applies the law of the regional circuit, here the Fifth Circuit. *See In re Apple Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020).

## I.    Zepp Has a Clear and Indisputable Right to the Writ

Zepp respectfully contends that the district court's denial of transfer "amounts to a clear abuse of discretion under [the] governing legal standards" and warrants "mandamus to overturn the denial of transfer." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318 (Fed. Cir. 2021).

### A.    The private-interest factors strongly favor transfer

The private-interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (citation omitted). These factors clearly favor, or even strongly favor, transfer here, save the last, which is neutral.

***Witness Convenience***. The witness-convenience factor "is 'probably the single most important factor in [the] transfer analysis.'" *Juniper Networks*, 14 F.4th

at 1318 (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009)). And where, as here, nearly all of Zepp's potential witnesses are in the transferee forum and none are in the transferor forum, that critical factor weighs heavily in favor of transfer. *See*, *e.g.*, *In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *3 (Fed. Cir. Nov. 15, 2021); *In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *5 (Fed. Cir. Oct. 6, 2021).

Zepp has no employees anywhere in Texas, and nor does its subsidiary, non-party ZNA. *See* Appx140-141, Appx144-145, Appx153-155, Appx681-682.. Accordingly, irrespective of who at ZNA is determined to have information that is potentially relevant to this litigation, that individual ***necessarily*** resides in the Central District of California, not the Eastern District of Texas.

Slyde can offer nothing in response that outweighs the convenience of these California-based witnesses.

First, the inventors of the asserted patents and all of the prior assignees of those patents are Swiss and therefore will need to travel a significant distance regardless of whether transfer is granted. *See* Appx035, Appx046, Appx063, Appx076, Appx092, Appx105, Appx122. This Court has held in analogous circumstances that witnesses located in "Europe, Iowa, and the East Coast would be only 'slightly more inconvenienced by having to travel to California' than to Texas." *Apple*, 979 F.3d at 1341 (quoting *Genentech*, 566 F.3d at 1348). Furthermore, any

alleged inconvenience to a Slyde employee – not a single one of which has been identified as a potential witness with information that is actually potentially ***relevant*** to this case – cannot outweigh the "substantial number of witnesses residing within the [Central District of California] who would be unnecessarily inconvenienced by having to travel away from home to testify in the Eastern District of Texas." *Genentech*, 566 F.3d at 1344.

Second, Slyde's attempt to identify two independent directors of Zepp as potential witnesses fails. Those individuals are not likely witnesses because neither possesses any potentially relevant knowledge regarding the alleged infringement as defined by Slyde in its Amended Complaint (Dkt. 16). Appx165-195. Slyde's strategy is not meaningfully different from plaintiffs who point to snippets of publicly available LinkedIn profiles to claim potentially relevant witnesses are in their preferred forum. Both this Court and the district court have rightly criticized that approach as "highly speculative." *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021); *see also LoganTree LP v. Apple Inc.*, No. 6:21-cv-00397-ADA, 2022 WL 1491097, at *7 (W.D. Tex. May 11, 2022).

Furthermore, even if either of the Texas-resident individuals identified by Slyde had some relevance to this case, their presence could not possibly outweigh the undisputedly relevant ZNA employees in the Central District of California whose work focuses on the products specifically accused in Slyde's amended complaint.

*See In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023) ("The presence of one Texas witness cannot overcome the immense inconvenience that the majority of relevant witnesses would face if this case were to be tried in Texas."). Because the knowledgeable willing witnesses are in Central California (or outside either possible forum), with at most one or two individuals of questionable relevance in Texas, the witness convenience factor heavily favors transfer. *See id.* at 362.

*Compulsory Process.* This factor also "weigh[s] heavily in favor of transfer" because there appear to be substantially "more third-party witnesses resid[ing] within the transferee venue than … in the transferor venue." *Apple*, 2021 WL 5291804, at *3 (quoting *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014)); *see also*, *e.g.*, *Genentech*, 566 F.3d at 1345. Zepp identified numerous likely non-party witnesses within the subpoena power of the Central District of California, including all of the current employees, and likely all former employees, of ZNA, the entity actually responsible for the allegedly infringing acts. *See* Appx140-141, Appx144-145, Appx153-155, Appx681-682.

Although Slyde pointed to Texas-based entities like AGIS Software and Longhorn HD LLC as "potential" non-party witnesses, neither of those entities was alleged to have *any* knowledge relevant to Zepp (or ZNA) or the patents-in-suit or any other issue in this matter. General knowledge regarding the licensing practices of non-practicing entities headquartered in the Eastern District like Slyde is hardly

relevant to any issue specific to this case. The same is true with respect to an individual from Samsung that Slyde identifies as a "potential" witness. Given that Samsung is currently involved in active litigation with Plaintiff involving the same patents-in-suit as here, it is beyond dispute that this "potential" witness could not possibly have any information regarding licenses to the patents-in-suit. And Plaintiff has failed to identify any other potentially relevant information that this alleged "witness" might have. *See* Appx210.

Because non-party witnesses having potentially relevant, material information are overwhelmingly subject to the Central District of California's subpoena power, the compulsory-process factor must weigh heavily in favor of transfer. *See*, *e.g.*, *In re Google LLC*, 58 F.4th 1379, 1385 (Fed. Cir. 2023); *Apple*, 2021 WL 5291804, at *3.

***Sources of Proof.*** The location of the sources of proof also weighs in favor of transfer. Because "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer," "the place where the defendant's documents are kept weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345. Here, other than those stored on the cloud, all of Zepp's sources of proof are located in the Central District of California or the People's Republic of China, where the accused devices were designed and developed and where those devices are currently manufactured. *See* Appx154-155; *In re Google LLC*, No. 2021-178,

2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021) (noting relevance of "location of document custodians"). And the reason those sources of proof are located in California is because the allegedly infringing activities overwhelmingly took place in the Central District of California. *See* Appx154-155; *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010). By contrast, other than its own documents, Slyde has failed to identify any likely sources of proof, or even relevant information, in the Eastern District of Texas. *See* Appx212-213. Moreover, the Zepp and ZNA employees with the "need-to-know-basis" credentials necessary to access relevant electronic documents are all located in the Central District of California or in the People's Republic of China, a fact which favors transfer. *See TikTok*, 85 F.4th at 359. Ultimately, "the relative access to sources of evidence in the two competing forums" weighs in favor of the Central District of California. *Juniper Networks*, 14 F.4th at 1321.

### B.    The public-interest factors favor transfer or are neutral

Public interests entail: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315 (citation omitted). The first favors transfer and the other are neutral.

13

***Local Interests.*** The district court could only have properly concluded that the local-interest factor weighs in favor of transfer. What matters for purposes of the § 1404(a) transfer analysis is "[t]he relevant events leading to the infringement claims." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). As discussed above, all of the activity accused by Slyde of infringement took place in the Central District of California. Nothing occurred in the Eastern District of Texas. All of the asserted patents were developed in Switzerland and the accused products were designed, developed, and manufactured in the People's Republic of China. *See supra*. Given these "significant connections" with "the events that gave rise to [the] suit," the Central District of California has a strong local interest. *Apple*, 979 F.3d at 1344-45; *see also Google*, 58 F.4th at 1384-85 ("[W]here both the patented and accused technology were developed" in the Northern District of California, the "local interest factor favors transfer."). And Slyde has no competing connection to the Eastern District of Texas. *See Samsung*, 2 F.4th at 1380 (local-interest factor favored transfer because "[t]he relevant events leading to the infringement claims here took place largely in Northern California, and not at all in the Western District of Texas").

***Court Congestion.*** The relative congestion of the Eastern District of Texas and the Central District of California can only have a neutral effect on the transfer analysis. As this Court has explained, the court-congestion factor is necessarily neutral where, like here, a patentee "is not engaged in product competition in the

marketplace and is not threatened in the market in a way that … might add urgency to case resolution and give some significance to the time-to-trial difference." *Google*, 58 F.4th at 1383.

## II.    Zepp Has No Other Adequate Means to Obtain Relief

Mandamus is the only way for Zepp to obtain relief. Zepp makes this request because the convenience analysis here is so heavily in favor of the Central District of California that transfer must be warranted—a result that can be achieved only through this Court's mandamus review, not by any alternative. *See Volkswagen II*, 545 F.3d at 319.

## III.    Mandamus Is Appropriate Under the Circumstances.

Mandamus is an appropriate remedy for the district court's refusal to grant Zepp's transfer motion. This failure is particularly troubling that the district court has done so in the face of Zepp's showing that "several important transfer factors favor transfer, while nothing of significance ties this case to the [Eastern] District of Texas." *In re Honeywell Int'l Inc.*, No. 2023-152, 2024 WL 302397, at *3 (Fed. Cir. Jan. 26, 2024). Indeed, as shown above, this case presents the kind of clear imbalance that warrants mandamus directing transfer outright. *See supra*; *see also TikTok*, 85 F.4th at 367; *Google*, 58 F.4th at 1385; *Juniper Networks*, 14 F.4th at 1322-23; *Samsung*, 2 F.4th at 1379-81. In these circumstances, mandamus is appropriate.

# CONCLUSION

The Court should grant Zepp's petition, vacate the district court's decision denying Zepp's motion to transfer, and direct the district court to transfer the case to the Central District of California

Respectfully submitted,

/s/ Donald R. McPhail
Donald R. McPhail
Eric W. Schweibenz
Paige S. Stradley
Merchant & Gould P.C.
1900 Duke Street
Alexandria, Virginia 22314
Tel: (703) 684-2500
Fax: (612) 332-9081
*Attorneys for Petitioner*
*Zepp Health Corporation*

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF SERVICE</u>

**Case Number**  24-

**Short Case Caption**  In re Zepp Health Corporation

> **NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system.  See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e).  Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on  10/03/2024

by  ☑  U.S. Mail  ☐  Hand Delivery  ☐ Email  ☐ Facsimile
     ☐  Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Magistrate Judge Roy S. Payne | United States Courthouse<br>100 East Houston Street<br>Marshall, Texas 75670 |
| Alfred R. Fabricant | FABRICANT LLP<br>411 Theodore Fremd Avenue,<br>Suite 206 South<br>Rye, New York 10580 |
| Peter Lambrianakos | FABRICANT LLP<br>411 Theodore Fremd Avenue,<br>Suite 206 South<br>Rye, New York 10580 |
| Vincent J. Rubino, III | FABRICANT LLP<br>411 Theodore Fremd Avenue,<br>Suite 206 South<br>Rye, New York 10580 |
|  |  |

☐   Additional pages attached.

Date: 10/03/2024

Signature:  Donald R. McPhail

Name:    Donald R. McPhail

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** <u>24-</u>

**Short Case Caption:** <u>IN RE: ZEPP HEALTH CORPORATION</u>

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑  the filing has been prepared using a proportionally-spaced typeface and includes <u>3,300</u> words.

☐  the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐  the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: <u>10/03/2024</u>

Signature: <u>/s/ Donald R. McPhail</u>

Name: <u>Donald R. McPhail</u>

Save for Filing