# In the
# United States Court of Appeals
## for the
## Federal Circuit

**In re: ZEPP HEALTH CORP.,**
*Petitioner.*

2025-100

On Petition for Writ of Mandamus to the
United States District Court
for the Eastern District of Texas in
No. 2:23-cv-00172-RWS-RSP, Magistrate Judge Roy S. Payne

## RESPONDENT'S OPPOSITION TO PETITIONER'S
## PETITION FOR WRIT OF MANDAMUS

Alfred R. Fabricant
Peter Lambrianakos
Vincent J. Rubino, III

***Attorneys for Respondent
Slyde Analytics LLC***

October 25, 2024

FABRICANT LLP
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
(212) 257-5797
ffabricant@fabricantllp.com
plambrianakos@fabricantllp.com
vrubino@fabricantllp.com

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Slyde Analytics LLC certifies the following:

1.  Provide the full names of all entities represented by undersigned counsel in this case:

    **Slyde Analytics LLC**

2.  Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities:

    **None.**

3.  Provide the full names of all parent corporations for the entities and all publicly held companies that own 10 percent or more of the stock in the entities:

    **None.**

4.  List the names of all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4):

    **FABRICANT LLP, 411 Theodore Fremd Avenue, Suite 206 South, Rye, New York 10580: Jacob Ostling and Justine Minseon Park**

    **RUBINO IP, 51 JFK Parkway, 1st Floor West, Short Hills, New Jersey 07078: John Rubino and Michael Mondelli, III**

    **TRUELOVE LAW FIRM, PLLC, 100 West Houston, Marshall, Texas 75670: Justin Kurt Truelove**

5.  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). *See also* Fed. Cir. R. 47.5(b).

**None.**

6.    Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

**None/Not Applicable.**

Dated:  October 25, 2024          By:    */s/ Vincent J. Rubino, III*
                                              Vincent J. Rubino, III
                                              Fabricant LLP

# **TABLE OF CONTENTS**

**Page(s)**

I.   SUMMARY OF THE ARGUMENT ...............................................................1

II.  COUNTERSTATEMENT OF THE ISSUES PRESENTED ........................2

III. COUNTERSTATEMENT OF THE FACTS ...................................................2

IV.  APPLICABLE LEGAL STANDARDS......................................................3

V.   REASONS WHY THIS WRIT SHOULD NOT ISSUE................................5

     A.   The District Court Properly Considered and Found that the Availability of Compulsory Process Weighs Against Transfer ...........6

     B.   The District Court Properly Considered and Found that the Cost of Attendance of Willing Witnesses Is Neutral ...........................8

     C.   The District Court Properly Considered and Found Sources of Proof Was Largely Neutral .................................................................10

     D.   The District Court Properly Considered and Found Judicial Economy Weighed Against Transfer .................................................13

     E.   The District Court Properly Considered and Found the Court Congestion Factor Disfavors Transfer .................................................13

     F.   The District Court Properly Considered and Found the Local Interest Factor Was Correctly Determined to be Neutral ..................14

VI.  CONCLUSION............................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc.*,
   No. 2024-111, 2024 WL 1153977 (Fed. Cir. Mar. 18, 2024) ...........................15

*In re Apple Inc.*,
   No. 2024-129, 2024 WL 3886316 (Fed. Cir. Aug. 21, 2024) ............................9

*Cheney v. U.S. Dist. Court for D.C.*,
   542 U.S. 367 (2004)..................................................................................3, 4

*In re Clarke*,
   94 F.4th 502 (5th Cir. 2024) ..........................................................................5

*In re DataTreasury Corp.*,
   No. 2010-M928, 2010 WL 3074395 (Fed. Cir. Aug. 5, 2010) ...........................4

*Defense Distrib. v. Bruck*,
   30 F.4th 414 (5th Cir. 2022) ...............................................................5, 10, 13

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   582 F.3d 1288 (Fed. Cir. 2009) .....................................................................13

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) .......................................................................4

*In re Google LLC*,
   58 F.4th 1379 (Fed. Cir. 2023) ......................................................................14

*In re HTC Corp.*,
   889 F.3d 1349 (Fed. Cir. 2018) .......................................................................4

*In re Planned Parenthood Fed'n of Am., Inc.*,
   52 F.4th 625 (5th Cir. 2022) .....................................................................7, 10

*In re SK Hynix Inc.*,
   835 F. App'x 600 (Fed. Cir. 2021) ..................................................................4

*In re Sony Grp. Corp.*,
  No. 2024-140, Dkt. 12 (Fed. Cir. Sept. 30, 2024) .........................................8, 12

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) ................................................................................4

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) ...............................................................................................15

*In re Vistaprint Ltd.*,
  628 F.3d 1342 (Fed. Cir. 2010) ...................................................................... 4, 15

*In re Volkswagen of Am., Inc.*,
  566 F.3d 1349 (Fed. Cir. 2009) ...............................................................................4

## I.    SUMMARY OF THE ARGUMENT

Respondent, Slyde Analytics LLC ("Slyde" or Respondent"), respectfully requests that the Court decline to issue a writ of mandamus directing the United States District Court for the Eastern District of Texas ("District Court" or "EDTX") to transfer this action to the United States District Court for the Central District of California ("CDCA").

Petitioner, Zepp Health Corp. ("Zepp" or "Petitioner"), has not shown that the District Court's denial of transfer amounts to a clear abuse of discretion, such that mandamus is appropriate. Zepp focuses its Petition on rearguing its motion to transfer and responding to Slyde's arguments below rather than taking on the District Court's conclusions on the transfer factors as explained in its decision. As such, Zepp has misapprehended its burden of proof on this extraordinary writ and has failed to show its entitlement to relief.

Zepp resorts to incorrectly stating that Slyde is a non-practicing entity to buttress its deficient approach to this Petition. In fact, Slyde is an entity based in Marshall, Texas that is an officially authorized distributor of Myotest SA ("Myotest") software products in the United States. Slyde also works with Myotest to design, test, integrate, and perform analytics on its products embodying the technology of the Asserted Patents. Appx205. Myotest's software and products embody interface and fitness-tracking technology in smartwatches and other

1

wearable devices and practice the Asserted Patents. *Id.* Myotest's software is also licensed to other companies, including Samsung Electronics America, Inc. *Id.*

Based on the facts of record, the District Court did not clearly abuse its discretion in denying Zepp's motion to transfer. Zepp's application for a writ of mandamus should be denied.

## II.    COUNTERSTATEMENT OF THE ISSUES PRESENTED

Whether the District Court properly decided that the Central District of California is not clearly more convenient than the Eastern District of Texas.

## III.    COUNTERSTATEMENT OF THE FACTS

Slyde is a Texas limited liability company with a place of business at 104 East Houston Street in Marshall, Texas. Appx205; Appx223. Slyde is the sole and exclusive owner of all right, title, and interest to U.S. Patent Nos. 8,588,033; 9,651,922; 9,804,678; 10,198,085; 9,320,457; 9,873,018; and 9,536,134 (the "Asserted Patents"). Slyde conducts business related to software distribution, software and product development, testing, integration, and marketing of those products, and software licensing from its Marshall office. *Id.* Slyde's Marshall office houses documents related to the Asserted Patents including marketing, user manuals, and corporate records and files. *Id.*

Slyde's principal, James Weisfeld, travels to the EDTX for business conducted in relation to Slyde and Mr. Weisfeld and Mr. Riad Chummun have both

expressed preference to testify in the EDTX. Appx. 215; Appx223. Messrs. Weisfeld and Chummun have relevant information regarding the acquisition of the Asserted Patents; prosecution, maintenance, and licensing activities related to the Asserted Patents; and Slyde's patent and software licensing history. Appx222-223.

Harold Frazier Jr., Slyde's consultant, lives and works in the EDTX. Mr. Frazier designs and develops products embodying the technology of the Asserted Patents in the EDTX. Appx224. Mr. Frazier has highly relevant knowledge regarding the design and development of the software products; the use, testing, analytics, and development of software provided by Myotest; and the review and testing of Myotest's software libraries, APIs, code, and files. *Id.*

Slyde filed an action in the EDTX on April 14, 2023, against Zepp. Appx009. On December 11, 2023, Zepp filed its motion to transfer venue under 28 U.S.C. § 1404(a). Appx135. Slyde filed an Amended Complaint on January 30, 2024. Appx166. On August 22, 2024, the District Court denied Zepp's motion to transfer. Appx001.

## IV.    APPLICABLE LEGAL STANDARDS

A writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (quotations omitted). "The writ of mandamus is available in extraordinary situations

to correct a clear abuse of discretion or usurpation of judicial power." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).

"[M]andamus may be used to correct a patently erroneous denial of transfer or an arbitrary refusal to act on such request." *In re SK Hynix Inc.*, 835 F. App'x 600, 600 (Fed. Cir. 2021) (citations omitted). "That standard is an exacting one, requiring the petitioner to establish that (1) it has a clear and indisputable legal right to relief; (2) does not have any other method of obtaining the relief requested; and (3) that the writ is appropriate under the circumstances." *Id.* (citing *Cheney*, 542 U.S. at 380–81); *In re HTC Corp.*, 889 F.3d 1349, 1352 (Fed. Cir. 2018). The petition should be denied "[i]f the facts and circumstances are rationally capable of providing reasons for what the district court has done." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (citation omitted); *In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010) (holding mandamus is inappropriate where there is "plausible support of record" for the district court's decision). Regional Circuit law, here the law of the Fifth Circuit, applies when evaluating a petition for a writ of mandamus to direct a District Court to transfer under § 1404(a). *In re DataTreasury Corp.*, No. 2010-M928, 2010 WL 3074395, at *1 (Fed. Cir. Aug. 5, 2010) ("Because this petition does not raise issues unique to our jurisdiction, we apply the law of the regional circuit in which the district court sits, in this case the law of the Fifth Circuit."); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

The Fifth Circuit has recently clarified that "[w]hen a defendant is haled into court, some inconvenience is expected and acceptable." *Defense Distrib. v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). Indeed, "[a]ssuming that jurisdiction exists and venue is proper, the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer." *Id.* Thus, "the standard is not met by showing one forum is more likely than not to be more convenient, but instead the party must adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *Id.*; *see also In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (holding under Fifth Circuit law, transfer "is properly granted only if the moving party 'clearly establishes good cause' by 'clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice.'").

## V.    REASONS WHY THIS WRIT SHOULD NOT ISSUE

Petitioner is not entitled to a writ of mandamus because the District Court properly exercised its discretion in finding that Zepp failed to meet its burden to show that the CDCA is clearly more convenient than the EDTX. The District Court evaluated all the facts in the record and correctly determined that two factors, the availability of compulsory process and judicial economy, weighed against transfer. The remaining factors disfavored transfer or were neutral. Zepp has not shown that the District Court clearly abused its discretion with respect to any of the factors.

### A.  The District Court Properly Considered and Found that the Availability of Compulsory Process Weighs Against Transfer

The District Court properly found that the compulsory process factor weighs somewhat against transfer. Appx004-005. The District Court found that two independent board members of Zepp and third-party witnesses in the EDTX with knowledge of comparable licenses weigh against transfer. Appx005. The District Court also relied on Zepp's admission that this factor is neutral and its failure to identify any potential third-party witnesses. Appx004.

Petitioner does not deny that it conceded to the District Court that this factor is neutral and that it identified no potential third-party witnesses. Pet. at 11-12; Appx146-147. Nevertheless, Petitioner now contends for the first time that this factor weighs heavily in favor of transfer by citing "numerous likely non-party witnesses" in the CDCA, "including all of the current employees, and likely all former employees, of ZNA," a subsidiary of Petitioner. Pet. at 11.

Petitioner's new argument should be rejected because it never argued to the District Court that *current* employees of ZNA should be considered under this factor. *Id*. Petitioner argued below that current employees of ZNA are relevant to the willing witness factor, not the availability of compulsory process. Appx146-147; Appx681-682. Petitioner repeats this error in its Petition, citing to unnamed current employees of ZNA with respect to the willing witness factor as well. Pet. at 9. A novel argument

on mandamus that attempts to double-count witnesses in support of two distinct factors should be disregarded.

Petitioner did not raise the relevancy of unnamed *former* employees of ZNA in the District Court until its reply brief. Appx681-682. In its opening brief below, Petitioner stated that it "believed" that all former ZNA employees who possess relevant knowledge still reside in the CDCA (without providing any factual support for this belief) but admitted that it could not identify any such witnesses. Appx146. On reply, Petitioner named two former employees in the CDCA who *may* have relevant knowledge, Appx682, but Petitioner again provided no sworn testimony or other competent evidence to support its attorneys' speculation. Indeed, Zepp did not even argue that either of the named witnesses would be unwilling to testify unless subpoenaed. *See In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630-31 (5th Cir. 2022) (holding that the availability of compulsory process receives less weight when it has not been alleged or shown that any witness would be unwilling to testify). The District Court properly did not assign weight to Petitioner's belated identification of two individuals who were not shown to have relevant information or would be unwilling to testify.

Petitioner does not challenge the District Court's finding that two independent board members with business addresses in Texas weigh against transfer. Pet. at 10-11; Appx005. Although Petitioner argues that the third-party witnesses based in the

7

EDTX are irrelevant because they do not have knowledge "relevant to Zepp (or ZNA) or the patents-in-suit or any other issue in this matter," Pet. at 11, the District Court found that these witnesses have knowledge of comparable third-party licenses and prior art. Appx004. Petitioner presented no evidence undermining the comparability of the cited licenses or prior art.

The final argument raised by Petitioner is that a third-party witness from Samsung does not possess relevant information, Pet. at 12, but the District Court found that Samsung did not weigh in favor of transfer. Appx004 n.1.

Since Petitioner contended this factor is neutral and failed to identify any unwilling witnesses under this factor to counter the evidence cited by the District Court, *see In re Sony Grp. Corp.*, No. 2024-140, Dkt. 12 at 3 (Fed. Cir. Sept. 30, 2024) ("the court found Sony failed to identify any physical evidence or unwilling witness there"), the District Court did not clearly abuse its discretion in determining that this factor weighs somewhat against transfer.

### B.    The District Court Properly Considered and Found that the Cost of Attendance of Willing Witnesses Is Neutral

The District Court properly found that this factor is neutral because the parties did not "sufficiently demonstrate[] to the Court the location of relevant willing witnesses." Appx005. The District Court did not weigh this factor in favor of transfer because (1) Petitioner admitted that it has no employees with relevant knowledge; (2) Petitioner pointed only to its subsidiaries, one of which is in California, as

potentially having willing witnesses; and (3) Petitioner did not identify any willing witness by name. Appx005-006.

Petitioner points to no error in the District Court's analysis. It is undisputed that Petitioner did not specifically identify a single willing witness, much less the specific knowledge any witnesses possess. Pet. at 9; Appx682. Petitioner merely asserts that "irrespective of who at ZNA is determined to have information that is potentially relevant to this litigation," the EDTX is less convenient. The District Court correctly found that Petitioner's failure to specifically identify any individuals left the court with "little to weigh regarding this factor." Appx682; Appx004; *In re Apple Inc.*, No. 2024-129, 2024 WL 3886316, at *2 (Fed. Cir. Aug. 21, 2024) ("And the court plausibly found deficiencies in Apple's declarations and presentations of the evidence concerning unidentified individuals as witnesses . . .").

Lastly, Petitioner also disputes the relevant knowledge of the two independent board members which the District Court considered under the compulsory process factor. Pet. at 10. However, Petitioner never argued that these witnesses lacked relevant knowledge under this factor in its motion or on reply. Appx143-144; Appx682-683. Even so, the District Court properly found that the board members possessed relevant *financial* information, Appx005, which Petitioner does not rebut.

Petitioner failed to show that the District Court clearly abused its discretion in ruling that this factor is neutral.

### C.    The District Court Properly Considered and Found Sources of Proof Was Largely Neutral

The District Court found that this factor is "largely neutral." Appx003-004. Petitioner only identified electronically stored evidence "in broad strokes" which is "readily accessible in this or any district" and did not identify "particular custodians or any custodial duties." Appx004. Controlling precedent supports the District Court's treatment of the Petitioner's conclusory assertions. *Defense Distribut.*, 30 F.4th at 434 (finding that the district court erred by uncritically accepting the movant's conclusory assertion that "the sources of proof relevant to these issues . . . are all in New Jersey"); *In re Planned Parenthood*, 52 F.4th at 630 (denying mandamus where the district court "found that the vast majority of the evidence was electronic, and therefore equally accessible in either forum").

The District Court could have gone further and determined that this factor weighs against transfer based on Slyde's specific identification of sources of proof in the EDTX, in contrast to Petitioner's limited sources of proof, if any, which were not identified with specificity as required. Petitioner admitted that any relevant evidence relating to the design and development of the Accused Products is located in the People's Republic of China or the Silicon Valley area of California, not the CDCA. Appx145. Petitioner further admitted that the documents stored on cloud servers, including design, development, marketing, sales, and financial information,

are managed and maintained by personnel in the People's Republic of China. Appx145-146. The same was acknowledged by the District Court. Appx003.

The District Court properly weighed the documents and sources of proof of Slyde which are located in the EDTX. Appx003 (identifying Slyde's office housing documents in the EDTX, Slyde's distribution of Myotest's software products covered by the Asserted Patents, and licensing-related documents). While Slyde also identified the location of documents of relevant third parties, the District Court did not consider such documents in its analysis. After weighing the sources of proof as submitted by the parties, the District Court ultimately determined that this factor is "largely neutral." Appx003-004.

In a belated attempt to undermine the District Court's decision, the Petition presents new and misleading arguments regarding the locations of sources of proof. For instance, Petitioner states that its sources of proof are located in the CDCA *or* the People's Republic of China "where the accused devices were designed and developed and where those devices are currently manufactured." Pet. at 12. Petitioner, however, presented no evidence that any sources of proof are located in the CDCA, stating only that "[t]he physical documents and records of both ZNA and Zepp, Inc., ***to the extent they exist***, are stored and maintained in ***California***." Appx155 (emphasis added). Petitioner never established the existence of relevant documents in the CDCA.

Petitioner also now argues that the "allegedly infringing activities overwhelmingly took place in the [CDCA];" however, the portions of the record cited to by Petitioner do not support its arguments. *See* Appx154-155 ("All of the smartwatch products accused of infringement by Slyde Analytics, LLC were ***designed and developed in the People's Republic of China and/or in California*.***"); *see id.* ("All of the smartwatch products accused of infringement by Slyde Analytics, LLC were ***manufactured in the People's Republic of China. No manufacturing was conducted in the United States*.***") (emphases added). Thus, as submitted by Petitioner's own declarant, the infringing activity took place outside the CDCA. *See In re Sony Grp. Corp.*, No. 2024-120, Dkt. 12 at 3 (Fed. Cir. Sept. 30, 2024) ("[G]iven [that] no party is located in that district, the court found that Sony failed to identify any physical evidence or unwilling witness there . . . the technical witnesses and material events giving rise to the case were found to be outside NDCA"). Petitioner should not be permitted to rewrite the record.

Finally, Petitioner argues for the first time that "employees with the 'need-to-know-basis' credentials necessary to access relevant electronic documents are all located in the [CDCA] *or* in the People's Republic of China." Pet. at 13. Since Petitioner never raised these allegations before the District Court, they are not of record before this Court. Even now, Petitioner does not affirmatively state what evidence is located in the CDCA, the relevance of such evidence, and whether it

intends to use any relevant sources of proof at trial, as required by the Fifth Circuit. *See Defense Distrib.*, 30 F.4th at 434. Petitioner failed to submit such evidence from its declarant in support of its motion and should not be permitted to do so here.

Accordingly, the District Court held this factor to be "largely neutral," and Petitioner can point to no clear abuse of discretion.

### D.    The District Court Properly Considered and Found Judicial Economy Weighed Against Transfer

The District Court correctly found that judicial economy weighs against transfer. Appx006. Petitioner does not dispute the District Court's analysis with respect to this factor.

### E.    The District Court Properly Considered and Found the Court Congestion Factor Disfavors Transfer

The District Court correctly found that court congestion disfavors transfer. Petitioner admitted that the "EDTX historically has a shorter time to trial than the CDCA." Appx149. The District Court assessed the median time to trial in both districts, including that the time to trial in the EDTX is nine months faster than in the CDCA. *Id.* Petitioner raises for the first time that because Slyde does not engage in "product competition in the marketplace," this factor should be found neutral. Pet. at 14-15; Appx148-149. This argument was not presented to the District Court and is therefore waived. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1296 (Fed. Cir. 2009) ("If a party fails to raise an argument before the trial court, or

presents only a skeletal or undeveloped argument to the trial argument, we may deem that argument waived on appeal."). Accordingly, there was no clear abuse of discretion by the District Court in concluding that this factor disfavors transfer.

F.    **The District Court Properly Considered and Found the Local Interest Factor Was Correctly Determined to be Neutral**

The District Court properly weighed the local interest factor as neutral. Slyde is a Texas entity with its principal place of business located in the EDTX. Slyde develops and markets software that practices the Asserted Patents in the EDTX and conducts licensing activities from the EDTX. Appx007; Appx217.

Petitioner's argument that the local interest factor should weigh in favor of transfer ignores the District Court's analysis. For instance, the District Court held that "while Zepp's American subsidiary is based in California, this case is against Zepp," rendering the CDCA's local interest "tenuous." Appx007. Curiously, Petitioner argues that "all of the activity accused by Slyde of infringement took place in the Central District of California," while simultaneously admitting that "the accused products were designed, developed, and manufactured in the People's Republic of China." Pet. at 14. Thus, Petitioner's citations to decisions finding local interests in the district "where both the patented and accused technology were development" lends no support to Petitioner's argument. Pet. at 14 (citing *In re Google LLC*, 58 F.4th 1379, 1384-85 (Fed. Cir. 2023). Indeed, Petitioner makes no

effort to demonstrate *any* relevant infringing activity took place in the CDCA; its arguments are devoid of any citations to the record or factual underpinnings. Pet. at 14. Petitioner can point to no clear abuse of discretion by the District Court in finding this factor is neutral.

## VI. CONCLUSION

Petitioner attempts to rewrite the record, present new arguments, and double-count witnesses in an effort to sway this Court to grant mandamus. The District Court's decision carefully assessed the relevant evidence and witnesses and the determination of the balancing of these factors is within the "***sound discretion of the trial court*** based not on per se rules but rather on an 'individualized, case-by-case consideration of convenience and fairness." *In re Vistaprint*, 628 F.3d at 1346 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)) (emphasis added). Here, the District Court reasonably found that compulsory process and judicial economy each weighed against transfer and the remaining private and public interest factors were neutral or disfavored transfer based on the factual record before it. *In re Apple Inc.*, No. 2024-111, 2024 WL 1153977, at *2 (Fed. Cir. Mar. 18, 2024) ("Apple has not provided sufficiently compelling reasons to conclude that the district court clearly abused its discretion in making these fact-specific determinations, which plausibly support the district court's denial of Apple's transfer motion."). Accordingly, this Court should deny the petition for writ of mandamus.

Dated: October 25, 2024          Respectfully submitted,

 */s/ Vincent J. Rubino, III*
Alfred R. Fabricant
Peter Lambrianakos
Vincent J. Rubino, III
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***Attorneys for Respondent***
***Slyde Analytics LLC***

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that RESPONDENT'S OPPOSITION TO ZEPP HEALTH CORP.'S PETITION FOR WRIT OF MANDAMUS complies with the type-volume limitation of Fed. R. App. P. 21(d). The Brief contains 3,532 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). This Brief has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

Dated: October 25, 2024

Respectfully submitted,

*/s/ Vincent J. Rubino, III*
Alfred R. Fabricant
Peter Lambrianakos
Vincent J. Rubino, III
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***Attorneys for Respondent***
***Slyde Analytics LLC***

I further certify that a copy of the forgoing RESPONDENT'S OPPOSITION

TO ZEPP HEALTH CORP.'S PETITION FOR WRIT OF MANDAMUS is being

served by overnight delivery to the courtroom deputy to:

> The Honorable Robert W. Schroeder III, U.S.D.J.
> United States Courthouse and Post Office
> 500 North State Line Avenue, Third Floor
> Texarkana, Texas 75501
>
> The Honorable Roy Payne, U.S.M.J.
> Sam B. Hall, Jr. Federal Building and United States Courthouse
> 100 East Houston Street
> Marshall, Texas 75670

Dated:  October 25, 2024                      Respectfully submitted,

                                              */s/ Vincent J. Rubino, III*
                                              Alfred R. Fabricant
                                              Peter Lambrianakos
                                              Vincent J. Rubino, III
                                              **FABRICANT LLP**
                                              411 Theodore Fremd Avenue,
                                              Suite 206 South
                                              Rye, New York 10580
                                              Telephone: (212) 257-5797
                                              Facsimile: (212) 257-5796

                                              ***Attorneys for Respondent***
                                              ***Slyde Analytics LLC***

## <u>CERTIFICATE OF SERVICE</u>

In accordance with Fed. R. App. P. 25 and Fed. Cir. R. 25, I certify that I caused the foregoing brief to be filed with the Court electronically using the CM/ECF system, which will send a notification to all counsel of record.

Dated:  October 25, 2024                  Respectfully submitted,

*/s/ Vincent J. Rubino, III*
Alfred R. Fabricant
Peter Lambrianakos
Vincent J. Rubino, III
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***Attorneys for Respondent***
***Slyde Analytics LLC***